J-A25012-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| IBRAHIM MUHAMMED, | : | |
| | : | |
| Appellee | : | No. 2579 EDA 2013 |

Appeal from the Order August 16, 2013,
Court of Common Pleas, Philadelphia County,
Criminal Division at No(s): CP-51-CR-0004101-2012
CP-51-CR-0004103-2012 and CP-51-CR-0004105-2012

BEFORE: DONOHUE, WECHT and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED OCTOBER 03, 2014**

The Commonwealth of Pennsylvania appeals from the August 16, 2013 order entered by the Philadelphia County Court of Common Pleas granting, in part, the pretrial motion filed by Ibrahim Muhammed ("Muhammed") to permit the testimony of Richard Leo, Ph.D., J.D. ("Dr. Leo") as an expert in the area of false confessions.[1] While this appeal was pending, the Pennsylvania Supreme Court decided the case of **Commonwealth v. Alicia**, 92 A.3d 753 (Pa. 2014). The **Alicia** case involved the same proffered expert, Dr. Leo, and the entry of an order by the trial court that is identical to the order it entered in the case at bar, wherein it recognized Dr. Leo as an expert in the field of false confessions and stated:

---

[1] In its notice of appeal, the Commonwealth certified that the suppression court's order terminated or substantially handicapped the prosecution. **See** Pa.R.A.P. 311(d).

*Retired Senior Judge assigned to the Superior Court.

1. Dr. Leo may testify, based on his knowledge, his own research and the research of others with which he is familiar, about the general concept of false confessions.

2. Dr. Leo may further testify, again based on his knowledge, his own research and the research of others with which he is familiar, about:

(a). Police training methods in the field of interrogations;

(b). Police interrogation methods; and

(c). Why certain interrogation techniques, if used in a particular case, may increase the risk of false confession.

3. Dr. Leo may *not* testify as to case specific allegations about the interrogation in the instant case, and may *not* offer testimony based on:

(a). Statements provided to him by the defendant either verbally or in writing;

(b). Documents or reports prepared by counsel or other experts, to the extent such documents or reports purport to be based on discussions with or information about the defendant, Jose Alicea [sic];

(c). What he believes may be factors specific to this interrogation that may have given rise to a false confession; and

(d). Whether or not he believes the confession in this case was voluntary or coerced, or true or false.

*Id.* at 758-59 (quoting Trial Court Order, 8/12/08) (emphasis in the original); Trial Court Order, 8/16/13 (emphasis in the original). Our

Supreme Court in **Alicia** held that the trial court erred by admitting Dr. Leo's testimony, as "expert testimony such as the proposed testimony of Dr. Leo constitutes an impermissible invasion of the jury's role as the exclusive arbiter of credibility." **Id.** at 764.

We are bound by our Supreme Court's decision in **Alicia**.[2]  **See Commonwealth v. Demmitt**, 45 A.3d 429, 432 (Pa. Super. 2012), *appeal denied,* 67 A.3d 793 (Pa. 2013).  We therefore reverse the trial court's decision permitting Dr. Leo to testify as an expert in the area of false confessions and remand the case for further proceedings.

Order reversed.  Case remanded for further proceedings.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/3/2014

---

[2]  We note that following publication of the decision in **Alicia**, counsel for Muhammed filed with this Court notice that he conceded the appeal, stating, "Counsel cannot argue that the trial court did not err[] in the face of Alicia, and acknowledges that the present state of the law requires a reversal of the trial court's order admitting the evidence."  Appellee's Application to Concede Appeal, 8/29/14, at ¶4.